Rose, J.,
concurring:
I believe there is insufficient evidence in this case to establish beyond a reasonable doubt that Frutiger committed the murder of Poulter.
The majority sets out the equivocal conclusions that the medical experts reached concerning Poulter’s cause of death — she could have died from natural causes or from being asphyxiated. A similar situation is presented when a person disappears under suspicious circumstances and his or her body is never found, as in the Weeks case cited in the dissent. Since the body of the suspected victim is missing, other circumstantial evidence surrounding the death must be scrutinized. If a conviction is secured *1392 based upon the suspicious circumstances surrounding the death, this court must determine whether sufficient evidence was presented independent of the corpse to establish that the death was caused by the criminal agency of another.
Frutiger did indeed act peculiarly in keeping Poulter’s body in the closet of his room for several days and failing to inform others of her death. Frutiger’s use of Poulter’s credit cards several days after her death also does not cast him in a favorable light. However, even though these facts raise the suspicion that Frutiger was the murderer, other explanations are plausible.
When all the evidence is reviewed along with the medical uncertainty of the cause of Poulter’s death, I find that, as a matter of law, there is not sufficient incriminating evidence upon which to sustain a first degree murder conviction. Accordingly, I concur with the conclusion reached by the majority.